UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CYMEYON V. HILL,

    Plaintiff,

v.

KIMBERLY SEIBEL, et al.,

    Defendants.

Case No. 21-cv-03189-YGR (PR)

**ORDER OF PARTIAL DISMISSAL; SERVING COGNIZABLE CLAIM; REFERRING CASE TO PRO SE PRISONER MEDIATION PROGRAM FOR GLOBAL SETTLEMENT PROCEEDINGS; STAYING ACTION; AND DIRECTIONS TO CLERK**

## I. INTRODUCTION

Plaintiff, a civil detainee currently being held in custody at California State Prison - Sacramento, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 stemming from alleged constitutional violations at Salinas Valley State Prison ("SVSP") where he was previously incarcerated. Venue is proper because the events giving rise to the claim is alleged to have occurred in SVSP, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

Plaintiff named the following Defendants from SVSP: Warden T. Lemon and Officer Macias. Dkt. 1 at 1.[1] He also names the following prison officials from the California Department of Corrections and Rehabilitation ("CDCR"): Psychologist Kimberly Seibel and Counselor Jennifer Weaver. *Id.* Plaintiff seeks injunctive relief and monetary damages, including punitive damages. *Id.* at 8.

## II. DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id*. § 1915A(b)(1), (2). *Pro se*

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Plaintiff.

pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  To comport with Rule 8, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests*.*"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins,* 487 U.S. 42, 48 (1988).

A supervisor may be liable under section 1983 upon a showing of personal involvement in the constitutional deprivation or a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.  *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted).  A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  This includes evidence that a supervisor implemented "a policy so

2

1  deficient that the policy itself is a repudiation of constitutional rights and is the moving force of
2  the constitutional violation." *Redman*, 942 F.2d at 1446; *see Jeffers v. Gomez*, 267 F.3d 895, 917
3  (9th Cir. 2001).

### B. Legal Claims

Plaintiff, who was civilly committed in 1997 following a plea of not guilty by reason of insanity, asserts claims for relief stemming from an incident on March 22, 2021 involving the four aforementioned named Defendants as well as five other unnamed prison officials, from whom he seeks both injunctive relief and monetary damages, including punitive damages.

#### 1. Injunctive Relief

The threshold question presented is whether the Court has jurisdiction to consider Plaintiff's claims for injunctive relief, in light of his transfer from SVSP to CSP-Sacramento. When an inmate has been transferred to another prison and there is no reasonable expectation nor demonstrated probability that he will again be subjected to the prison conditions from which he seeks injunctive relief, the claim for injunctive relief should be dismissed as moot. *See Dilley v. Gunn*, 64 F.3d 1365, 1368-69 (9th Cir. 1995). A claim that the inmate might be returned to the prison where the injury occurred is too speculative to overcome mootness. *Id.* Here, Plaintiff's transfer from SVSP to CSP-Sacramento renders moot his claims for injunctive relief. Therefore, the Court DISMISSES Plaintiff's claim for injunctive relief.

#### 2. Monetary Damages

The remaining allegation involving monetary damages in the complaint stems from an incident that occurred on March 22, 2021, while Plaintiff was housed at the "C Facility 5 Block" at SVSP. Dkt. 1 at 7.

##### a. Excessive Force Claim

A prisoner has the right to be free from cruel and unusual punishment, including physical abuse by guards. Whenever prison officials stand accused of using excessive physical force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 6 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 317 (1986)).

1    Plaintiff alleges that on March 22, 2021, he was subjected to excessive force by Defendant
2    Macias. Dkt. 1 at 8. Specifically, Plaintiff alleges that on the date of the incident at 4:30 pm, he
3    was attacked by inmates. *Id.* Plaintiff then claims that Defendant Macias "repeatedly sprayed
4    Plaintiff in the face with pepper spray [and] using excessive force, retaliation." *Id.* Plaintiff
5    further alleges that "he received injuries to [his] eye area[,] a fractured nose [and] severe eye
6    damage from [the] chemical agent [in the] pepper spray and [he] was sent to [an] outside hospital
7    and optometr[ist]." *Id.*

Liberally construed, Plaintiff's complaint states a cognizable Eighth Amendment claim against Defendant Macias.

In addition, Plaintiff mentions five unnamed prison officials in the body of his complaint as allegedly failing to intervene during the alleged acts of excessive force, and thus it seems he wishes to name them as Doe Defendants, whose names he apparently intends to learn through discovery. Dkt. 1 at 8. Although the use of "John Doe" to identify a defendant is not favored in the Ninth Circuit, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *Wiltsie v. Cal. Dep't of Corrections*, 406 F.2d 515, 518 (9th Cir. 1968), situations may arise where the identity of alleged defendants cannot be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover their identities or that the complaint should be dismissed on other grounds. *See Gillespi*e, 629 F.2d at 642; *Velasquez v. Senko*, 643 F. Supp. 1172, 1180 (N.D. Cal. 1986). Plaintiff must provide to the Court the names of these five unnamed prison officials by the due date scheduled in this Order for him to file his amended complaint. Failure to do so will result in dismissal of these Doe Defendants *without prejudice to Plaintiff filing new actions against them once their names are known.*

**b.    Retaliation**

Plaintiff alleges that the named Defendants in this case retaliated against him. Dkt. 1 at 6, 8. He does not further elaborate on such a retaliation claim. *See id.*

To state a claim for First Amendment retaliation against a government official, a plaintiff must demonstrate that (1) he engaged in constitutionally protected activity; (2) as a result, he was

4

1  subjected to adverse action by the defendant that would chill a person of ordinary firmness from
2  continuing to engage in the protected activity; and (3) there was a substantial causal relationship
3  between the constitutionally protected activity and the adverse action. *Mulligan v. Nichols*, 835
4  F.3d 983, 988 (9th Cir. 2016).

5        It is difficult to understand the exact allegations of Plaintiff's retaliation claim regarding
6  the events that occurred at SVSP on March 22, 2021. As mentioned above, on March 22, 2021,
7  Plaintiff claims that Defendant Macias "repeatedly sprayed Plaintiff in the face with pepper spray
8  [and] using excessive force, retaliation." Dkt. 1 at 8. Other than a conclusory statement, Plaintiff
9  provides no allegations to support his claim of retaliation nor does he alleged that he was engaged
10 in constitutionally protected activity, as required in order to state a claim for First Amendment
11 retaliation. *See Mulligan*, 835 F.3d at 988. Thus, Plaintiff has not alleged facts sufficient to
12 support any of the aforementioned elements of retaliation. Plaintiff will be granted the
13 opportunity to amend his retaliation claim in order to bring forth a cognizable claim, if he is able
14 to do so. Plaintiff must provide more support for his allegations because his bare allegations are
15 insufficient to state a retaliation claim under *Iqbal*. "A claim has facial plausibility when the
16 plaintiff pleads factual content that allows the court to draw the reasonable inference that the
17 defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plaintiff will be provided
18 one final opportunity to amend to better present his retaliation claim. Therefore, Plaintiff's First
19 Amendment claim is DISMISSED. Because it appears possible that Plaintiff may be able to
20 correct this deficiency as to Defendant Macias, the Court will DISMISS this First Amendment
21 claim against Defendant Macias with leave to amend. If Plaintiff chooses to amend his complaint
22 and re-plead his claim against Defendant Macias, Plaintiff must allege that he engaged in
23 constitutionally-protected conduct, that Defendant Macias took adverse action against him in
24 retaliation for the protected conduct, and that he suffered harm as a result of the retaliation. It is
25 not enough for Plaintiff to state that Defendant Macias used excessive force against him, and
26 instead Plaintiff must link Defendant Macias to his retaliation claim.

        **c.**      **Due Process**

28       Plaintiff alleges that the named Defendants in this case violated his Fourteenth

Amendment rights. Dkt. 1 at 6, 9. He does not further elaborate on such a due process claim. *See id.* However, the Court notes that Plaintiff indicates that he filed a grievance concerning the claims in this action, even though he was "not required as a civil detainee," *id.* at 11, but that it was "still pending [due to an] investigation, *id.* at 10." To the extent that Plaintiff is alleging a due process violation in relation to the prison's failure to grant his grievance, such an allegation does not amount to a due process violation. There is no federal constitutional right to a prison administrative appeal or grievance system for California inmates. *See Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Even if Plaintiff had alleged that his grievance was denied, the denial of an inmate appeal is not so severe a change in condition as to implicate the Due Process Clause itself and the State of California has not created a protected interest in an administrative appeal system in its prison. California Code of Regulations, title 15 sections 1073 and 3084 grant prisoners in the county jails and state prisons a purely procedural right: the right to have a prison appeal. The regulations simply require the establishment of a procedural structure for reviewing prisoner complaints and set forth no substantive standards; instead, they provide for flexible appeal time limits, *see* Cal. Code Regs. tit. 15, § 3084.8, and, at most, that "[n]o reprisal shall be taken against an inmate or parolee for filing an appeal," *id.* § 3084.1(d). A provision that merely provides procedural requirements, even if mandatory, cannot form the basis of a constitutionally cognizable liberty interest. *See Smith v. Noonan*, 992 F.2d 987, 989 (9th Cir. 1993); *see also Antonelli*, 81 F.3d at 1430 (prison grievance procedure is procedural right that does not give rise to protected liberty interest requiring procedural protections of Due Process Clause). Here, Plaintiff had no federal constitutional right to a properly functioning appeal system. An incorrect decision on an administrative appeal or the failure to process the appeal in a particular way therefore did not amount to a violation of his right to due process. Thus, to the extent that Plaintiff's due process claim concerns the handling of his administrative appeal or grievance, such a claim is DISMISSED for failure to state a claim upon which relief may be granted. If Plaintiff wishes to elaborate by amending his Fourteenth Amendment claim, he may include it in his amended complaint, but he must link the named Defendants to this claim.

### d. Supervisorial Liability

Plaintiff sues Defendants Seibel, Weaver, and Lemon in their supervisory capacity. Dkt. 1 at 8. Plaintiff does not allege facts demonstrating that Defendants violated his federal rights, but seems to claim Defendants are liable based on the conduct of their subordinate, Defendant Macias. There is, however, no respondeat superior liability under section 1983 solely because a defendant is responsible for the actions or omissions of another. *See Taylor*, 880 F.2d at 1045. A supervisor generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Id.* A supervisor may also be held liable if he or she implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Redman*, 942 F.2d at 1446.

Plaintiff has not stated a cognizable constitutional claim against Defendants Seibel, Weaver, and Lemon. Therefore, the supervisor liability claim against Defendants Seibel, Weaver, and Lemon is DISMISSED with leave to amend to correct the aforementioned deficiencies.

## III. PRO SE PRISONER MEDIATION PROGRAM

The Northern District of California has established a Pro Se Prisoner Mediation Program. Certain prisoner civil rights cases may be referred to a neutral magistrate judge for settlement proceedings. The proceedings will consist of one or more conferences as determined by Magistrate Judge Robert M. Illman. The conferences shall be conducted with Plaintiff as well as Defendants and/or the representative for Defendants attending by videoconferencing.

Good cause appearing, the present case will be REFERRED to Magistrate Judge Robert Illman for global settlement proceedings pursuant to the Pro Se Prisoner Mediation Program, involving the instant matter and other cases filed by Plaintiff. Such proceedings shall take place within 120 days of the date this Order is filed, or as soon thereafter as Magistrate Judge Illman's calendar will permit. Magistrate Judge Illman shall coordinate a place, time, and date for one or more settlement conferences with all interested parties and/or their representatives and, within fifteen days of the conclusion of all settlement proceedings, shall file with the Court a report thereon.

**IV.   CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1.   Plaintiff's claim for injunctive relief is DISMISSED as moot.

2.   Plaintiff has stated a cognizable Eighth Amendment excessive force claim against Defendant Macias.

3.   To the extent that Plaintiff's due process claim under the Fourteenth Amendment concerns the handling of his administrative appeal or grievance, such a claim is DISMISSED for failure to state a claim upon which relief may be granted.  If Plaintiff wishes to elaborate by amending his Fourteenth Amendment claim, he may include it in his amended complaint, but he must link the named Defendants to this claim.

4.   Plaintiff's action is referred to the Pro Se Prisoner Mediation Program for global settlement proceedings, involving the instant matter and other cases filed by Plaintiff.  The Clerk is directed to serve Magistrate Judge Illman with a copy of this order and to notify Magistrate Judge Illman that a copy of the court file can be retrieved from the Court's electronic filing database.

5.   The Court DISMISSES with leave to amend the Fourteenth Amendment claim, the First Amendment retaliation claim against Defendant Macias, as well as Plaintiff's supervisor liability claim against Defendants Seibel, Weaver, and Lemon.  Plaintiff has also been instructed to provide to the Court the names five unnamed prison officials who allegedly failed to intervene during the alleged acts of excessive force.  If Plaintiff chooses to file an amended complaint, he must file the amended complaint within **twenty-eight (28) days** of the date of this Order.  The amended complaint must include the caption and civil case number used in this Order, Case No. C 21-cv-03189-YGR (PR) and the words "AMENDED COMPLAINT" on the first page.  Plaintiff must use the Court's complaint form and answer all the questions on the form in order for the action to proceed.  Because an amended complaint completely replaces the previous complaints, Plaintiff must include in his amended complaint the names of the five unnamed prison officials and *all* the claims he wishes to present, including  any amended claims (i.e., his Fourteenth Amendment claim, his First Amendment claim against Defendant Macias, or his supervisor

1    liability claim against Defendants Seibel, Weaver, and Lemon) as well as the Eighth Amendment

2    claim against Defendant Macias, which the Court has already found cognizable. *See Ferdik v.*

3    *Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the

4    prior complaint by reference. Failure to file an amended complaint in accordance with this Order

5    in the time provided will result in the following: (1) the dismissal of the Doe Defendants *without*

6    *prejudice to Plaintiff filing new actions against them once their names are known*; (2) the

7    dismissal of his Fourteenth Amendment claim, his retaliation claim against Defendant Macias, and

8    his supervisor liability claim against Defendants Seibel, Weaver, and Lemon; (3) the initial

9    complaint (Dkt. 1) remaining the operative complaint; and (4) this action proceeding in

10   accordance with this Order.

11         6.   The following Defendant(s) shall be served: **SVSP Officer Macias.** Service on the

12   listed Defendant(s) shall proceed under the CDCR's e-service program for civil rights cases from

13   prisoners in CDCR custody. In accordance with the program, the Clerk of the Court is directed to

14   serve on CDCR via email the following documents: the operative complaint (Dkt. 1), this Order of

15   service, a CDCR Report of E-Service Waiver form, and a summons. The Clerk also shall serve a

16   copy of this Order on the Plaintiff.

17         No later than **forty (40) days** after service of this order via email on CDCR, CDCR shall

18   provide the Court a completed CDCR Report of E-Service Waiver advising the Court which

19   Defendant(s) listed in this Order will be waiving service of process without the need for service by

20   the United States Marshal Service ("USMS") and which Defendant(s) decline to waive service or

21   could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver

22   to the California Attorney General's Office which, within **twenty-one (21) days**, shall file with

23   the Court a waiver of service of process for Defendant(s) who are waiving service.

24         Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each

25   Defendant who has not waived service according to the CDCR Report of E-Service Waiver a

26   USM-205 Form. The Clerk shall provide to the USMS the completed USM-205 forms and copies

27   of this Order, the summons, and the operative complaint for service upon each Defendant who has

28   not waived service. The Clerk also shall provide to the USMS a copy of the CDCR Report of E-

1  Service Waiver.

2  7. Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires Defendant to cooperate in saving unnecessary costs of service of the summons and complaint. If service is waived, this action will proceed as if Defendant had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(A)(ii), Defendant will not be required to serve and file an answer before **sixty (60) days** from the date on which the CDCR provides a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office. (This allows a longer time to respond than would be required if formal service of summons is necessary.) If Defendant has not waived service and has instead been served by the USMS, then Defendant shall serve and file an answer within **twenty-one (21) days** after being served with the summons and complaint.

8. All communications by Plaintiff with the Court must be served on Defendant or Defendant's counsel, once counsel has been designated, by mailing a true copy of the document to them.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

10. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

11. The Clerk shall include a copy of a blank complaint form with a copy of this Order to Plaintiff.

12. In view of the referral to the Pro Se Prisoner Mediation Program, after the operative complaint has been served on the aforementioned named Defendant(s) against whom Plaintiff has

1  alleged cognizable claim(s), all other further proceedings in this case are hereby STAYED.  The
2  Clerk shall ADMINISTRATIVELY CLOSE this case until further order of the Court.  If the case
3  is not settled, the Court will enter a scheduling order for further proceedings.
4      IT IS SO ORDERED.
5  Dated:  October 1, 2021

_____
JUDGE YVONNE GONZALEZ ROGERS
United States District Judge